## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE AMILCAR AGUILAR, | : **NOTICE OF REMOVAL** |
| | : |
| | : **CIVIL ACTION NO.:** |
| | : |
| | : |
| Plaintiff, | : **JURY TRIAL DEMANDED** |
| vs. | : |
| | : |
| FEDERAL NATIONAL MORTGAGE | : |
| ASSOCIATION, FANNIE MAE, JOHN DOE | : |
| (name being fictitious) and ABC CORP. | : |
| (name being fictitious), | : |
| | : |
| Defendants. | : |

### DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
### NOTICE OF REMOVAL

Defendant Federal National Mortgage Association (hereinafter referred to as "Fannie Mae" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(a) and (b) to remove this action from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. HUD-L-5016-14, where it is now pending, to the United States District Court for the District of New Jersey.  Defendant, in support thereof, states as follows:

1.      A Civil Action has been brought against the above-identified Defendants by the Plaintiff Jose Amilcar Aguilar (hereinafter referred to as "Plaintiff") and is pending in the Superior Court of New Jersey, Law Division, Hudson County, docket number HUD-L-5016-14.   Plaintiff's Complaint against the above named Defendants was filed on or about November 14, 2014, and served on Defendant on or about December 22, 2014.  A copy of this Complaint is attached hereto as **Exhibit "A"**.

2.      The State Court wherein this action was originally filed is located in Hudson County, New Jersey, which is embraced within this jurisdictional district.

3.      Removal from the Superior Court of New Jersey Law Division, Hudson County is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

4.      This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

5.      Plaintiff alleges that he is a citizen of the State of New Jersey and resides at 241 Jewett Avenue, in the City of Jersey City, County of Hudson, New Jersey.  See **Exhibit "A"**.

6.      Pursuant to 12 U.S. Code §1717, Fannie Mae maintains its principal office in the District of Columbia and shall be deemed, for purposes of venue in civil actions, to be a resident thereof.

7.      Thus, Removal from the Superior Court of New Jersey, Law Division, Hudson County is proper under 28 U.S.C. §1441(a) and (b).

8.      Plaintiff's claims arise out of an alleged August 23, 2014 fall down accident or occurrence.   In that accident or occurrence, Plaintiff claims that he was lawfully on the premises owned by Defendant located at 241 Jewett Avenue, Jersey City, NJ.

9.      Plaintiff  claims that at the premises at issue, Defendants allowed a dangerous condition to exist which created a hazard.  Plaintiff  alleges that due to the negligence of the Defendants, Plaintiff  fell and sustained "grievous personal injury", has incurred and will in the future incur great medical expenses, and has endured and will in the future endure great pain and suffering.  See **Exhibit "A".**

10.    Plaintiff demands judgment against the Defendants for damages, interest and costs.  See Exhibit "A".

11.    Plaintiff's Complaint was filed on or about November 14, 2014 and served on Defendants on or about December 22, 2014.  This Notice of Removal is being timely filed within 30 days of service on Defendants of the Complaint.

12.    This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

13.    Via correspondence dated December 5, 2014, Fannie Mae's counsel wrote to Plaintiff's counsel, and informed Plaintiff's counsel of its client's intention to Remove this matter to the District Court, if Plaintiff was unwilling to enter into a Stipulation to Limit Damages to $75,000 by December 8, 2014.  A copy of letter dated December 5, 2014, is attached hereto as **Exhibit "B".**

14.    Counsel for Plaintiff and counsel for Fannie Mae subsequently communicated on December 5, 2014.  Based on the communication(s), it is/was counsel for Defendant's impression that Plaintiff had refused and would not be signing the Stipulation to Limit Damages.  It was also counsel for Defendant Fannie Mae's impression based on the communication(s) that Plaintiff was seeking an amount in excess of $75,000.

15.    Indeed, December 8, 2014 passed and Plaintiff's counsel refused to sign the Stipulation to Limit Damages to $75,000.  Furthermore, Plaintiff's counsel has not signed a stipulation to limit damages to $75,000.00 to date in this matter.

16.    The factors listed above, including the fact that Plaintiff claims that he suffered grievous personal injury and has refused to sign a Stipulation to Limit Damages to $75,000 removes any tenuous inferences or assumptions whether the amount in controversy exceeds $75,000.  Based on the averments of this Notice of Removal and the attached

3358714.1

supporting documentation regarding Plaintiff's damages; the Court does not have to guess as to whether the jurisdictional threshold has been met.

17.   Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b), 1446 and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant Federal National Mortgage Association respectfully requests that the State Action be removed from the Superior Court of New Jersey Law Division, Hudson County to the United States District Court for the District of New Jersey.

Dated: December 22, 2014                    s/ *John M. McConnell*
                                            John M. McConnell, Esquire
                                            **GOLDBERG SEGALLA LLP**
                                            902 Carnegie Center
                                            Suite 100
                                            Princeton, NJ 08540
                                            609-986-1326
                                            609-986-1301 - Fax
                                            Attorneys for Defendant Federal National
                                            Mortgage Association

Exhibit "A"

HDSON COUNTY SUPERIOR COURT
HDSON COUNTY
33 NEWARK AVENUE
ERSEY CITY          NJ 07306

                                    TRACK ASSIGNMENT NOTICE

URT TELEPHONE NO. (201) 217-5162
URT HOURS  8:30 AM   4:30 PM

                    DATE:   NOVEMBER 18  2014
                    RE:     AGUILAR VS FEDERAL NATIONAL MORTGAGE ASSOCI
  ON E

                    DOCKET: HUD L -005016 14

    THE ABOVE CASE HAS BEEN ASSIGNED TO  TRACK 2

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
 ROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON CHRISTINE M. VANEK

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
 :  (201) 795-6116

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 ERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN

 TH  R. 4:5A-2

                    ATTENTION.

                         ATT: DOUGLAS D. BURGESS
                         ICAZA & BURGESS PC
                         550 BROAD ST  STE 703
                         NEWARK          NJ 07102-4539

 WTIBO



ICAZA & BURGESS, P.C.
550 Broad Street
SUITE 703
Newark, New Jersey 07102
(973) 799-0700

**NJ ATTORNEY ID: 019581990**

ATTORNEYS FOR PLAINTIFF
JOSE AMILCAR AGUILAR,

                 PLAINTIFF,

vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, FANNIE MAE, JOHN
DOE (name being fictitious)
ABC CORP., (name being
fictitious),

                DEFENDANTS,

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUDSON COUNTY
DOCKET NO: L-5016-14

**CIVIL ACTION**

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

    The Plaintiff, Jose Amilcar Aguilar, residing at 241 Jewett Avenue, in the City of Jersey City, County of Hudson, and State of New Jersey, says the following by way of Complaint against the Defendants:

#### FIRST COUNT

    1.  On or about August 23, 2014, the Plaintiff, Jose Amilcar Aguilar, was lawfully on the premises known as and located at 241 Jewett Avenue, in the City of Jersey City, County of Hudson, and State of New Jersey.

    2.  On the aforesaid date, and at all other times relevant hereto, the Defendants, Federal National Mortgage Association a/k/a Fannie Mae and/or ABC Corporation (name being fictitious) and/or John

Doe (name being fictitious), owned, operated, controlled, maintained and designed the aforesaid premises.

3.  The Defendants were so negligent as to allow a dangerous condition to exist which created a hazard to persons lawfully on the premises.

4.  As the result of the negligence of the Defendants, the Plaintiff fell and sustained grievous personal injury, has incurred and will in the future incur great medical expenses, and has endured and will in the future endure great pain and suffering.

**W H E R E F O R E**, the Plaintiff demands judgment against the Defendants for damages, interest and costs.

                          ICAZA & BURGESS, P.C.

                          BY:   JUAN L. ICAZA, ESQ.


DATED:   November 11, 2014



## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all issues contained herein.


                          ICAZA & BURGESS, P.C.

                          BY:   JUAN L. ICAZA, ESQ.


DATED:   November 11, 2014

## CERTIFICATION

I certify that the matter in controversy is not the subject of any pending action or arbitration proceeding, and that no other such action or arbitration is contemplated.

ICAZA & BURGESS, P.C.

BY:  JUAN L. ICAZA, ESQ.

DATED: November 11, 2014

## DESIGNATION OF TRIAL COUNSEL

In accordance with R.4:25-1(b)(14), Douglas D. Burgess, Esq., is hereby designated as trial counsel.

ICAZA & BURGESS, P.C.

BY:  JUAN L. ICAZA, ESQ.

DATED:  November 11, 2014

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME<br>JUAN L. ICAZA, ESQ. | TELEPHONE NUMBER<br>(973) 799-0700 | COUNTY OF VENUE<br>Hudson |
|---|---|---|
| FIRM NAME (if applicable)<br>ICAZA & BURGESS, P.C. | | DOCKET NUMBER (when available)<br>HUD-L-5016-14 |
| OFFICE ADDRESS<br>550 BROAD STREET, SUITE 703, NEWARK, NEW JERSEY 07102 | | DOCUMENT TYPE<br>COMPLAINT |
| | | JURY DEMAND   ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>JOSE AMILCAR AGUILAR | CAPTION<br>AGUILAR VS. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET ALS. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>605 | HURRICANE SANDY RELATED?<br>☐ YES   ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes   ☒ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ☒ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>ESIS   ☐ NONE   ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes   ☒ No | IF YES, IS THAT RELATIONSHIP?<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ Yes   ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☒ Yes   ☐ No | IF YES, FOR WHAT LANGUAGE?<br>SPANISH |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151   NAME CHANGE
- 175   FORFEITURE
- 302   TENANCY
- 399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502   BOOK ACCOUNT (debt collection matters only)
- 505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506   PIP COVERAGE
- 510   UM or UIM CLAIM (coverage issues only)
- 511   ACTION ON NEGOTIABLE INSTRUMENT
- 512   LEMON LAW
- 801   SUMMARY ACTION
- 802   OPEN PUBLIC RECORDS ACT (summary action)
- 999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305   CONSTRUCTION
- 509   EMPLOYMENT (other than CEPA or LAD)
- 599   CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605   PERSONAL INJURY
- 610   AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621   UM or UIM CLAIM (includes bodily injury)
- 699   TORT – OTHER

**Track III - 450 days' discovery**
- 005   CIVIL RIGHTS
- 301   CONDEMNATION
- 602   ASSAULT AND BATTERY
- 604   MEDICAL MALPRACTICE
- 606   PRODUCT LIABILITY
- 607   PROFESSIONAL MALPRACTICE
- 608   TOXIC TORT
- 609   DEFAMATION
- 616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617   INVERSE CONDEMNATION
- 618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303   MT. LAUREL
- 508   COMPLEX COMMERCIAL
- 513   COMPLEX CONSTRUCTION
- 514   INSURANCE FRAUD
- 620   FALSE CLAIMS ACT
- 701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

### Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

Exhibit "B"

## John M. McConnell

**From:**            John M. McConnell
**Sent:**            Friday, December 05, 2014 5:36 PM
**To:**              'jicaza@icazaburgess.com'
**Cc:**              Adrienne N. Ferreira
**Subject:**         Aguilar v. Fannie Mae et al.
**Attachments:**     Stipulation  - #3326149.PDF

**ProfileOnSend:**        1

Dear Juan:

     I attempted to contact you this afternoon but was unable to reach you.  Please be advised that I am representing Defendants named as Federal National Mortgage Association and Fannie Mae in this case.

     Enclosed please find a Stipulation to Limit Damages.  If you do not sign and return the Stipulation by 5:00PM on December 8, 2014, my client has instructed me to remove this case to the United States District Court for the District of New Jersey thereafter.

     Thank you very much.

                 Very truly yours,

                 John M. McConnell



GOLDBERG SEGALLA

New York | London | Chicago | Philadelphia | Princeton | Hartford
Buffalo | Rochester | Syracuse | Albany | White Plains | Garden City

**John M. McConnell, Esq.**
902 Carnegie Center, Suite 100 | Princeton, NJ 08540-6530
DIRECT 609.986.1326 | FAX 609.986.1301
MOBILE 610.613.5742
jmcconnell@goldbergsegalla.com

**View Profile and vCard** | www.GoldbergSegalla.com

*This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you.*

*Privileged Attorney-Client Communication / Attorney's Work Product*