# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE AMILCAR AGUILAR, : | |
| Plaintiff, : | |
| : | **CIVIL ACTION NO.: 2:14-cv-07963-SDW-SCM** |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, FANNIE MAE, JOHN DOE (name being fictitious), ABC CORP., (name being fictitious) : | |
| Defendants. : | |

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT OF DEFENDANTS NAMED AS FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FANNIE MAE

Defendants named as Federal National Mortgage Association and Fannie Mae (and hereinafter "Defendants" or "Answering Defendants") submit the following Answer to Plaintiff's Complaint.

1.  Defendants have an insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore the same are denied.

2.  Denied as stated. By way of further response, on August 23, 2014, Federal National Mortgage Association had certain ownership interests in the property located at 241 Jewett Avenue, Jersey City, New Jersey.

3.  Denied.

4.  Denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Complaint and awarding attorneys' fees, costs of suit and such other relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Based upon information and belief, plaintiff's claims are barred and/or limited by contributory negligence of the plaintiff and, in the alternative, a recovery by the plaintiff must be reduced by the percentage of causal negligence attributable to plaintiff.

2. The plaintiff's claims are barred by the Statute of Limitations and/or Statute of Repose.

3. The nature, origin, causation, amount and extent of the injuries, damages and losses claimed are at issue and Answering Defendants demand proof of same as required by law.

4. Any of the acts and/or omissions of Answering Defendants alleged to constitute negligence were not substantial causes or factors of plaintiff's alleged injuries and/or did not result in injuries and/or damages alleged by Plaintiff nor in any way increased the risk of harm to the Plaintiff.

5. The incidents alleged in the plaintiff's Complaint are not the result of negligent conduct by Answering Defendants.

6. Answering Defendants are not responsible for persons, events or circumstances or conditions reasonably beyond their control.

7. The plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

8. Plaintiff's claims are barred under the doctrine of forum non conveniens or improper venue.

9. The plaintiff, at all times material hereto, voluntarily assumed all risks.

10. Plaintiff's claims may be barred in part or in total, by theories of collateral estoppel, *res judicata* and/or release.

11. Any damages are subject to reduction due to failure to mitigate.

12. Plaintiff's claims for expenses must be reduced by the total amount of any and all expenses charged, but not actually paid by or on behalf of plaintiff. Any amount of expenses claimed by plaintiff must be reduced by any expenses that are written off or deducted by any provider or entity.

13. Answering Defendants hereby reserve the right to raise all other affirmative or separate defenses.

14. All or part of Plaintiff's claims are barred by plaintiff's comparative negligence.

15. The incident and damages alleged in the Plaintiff's Complaint were due to the negligence of others over whom Answering Defendants had no control.

16. Plaintiff's Complaint fails to set forth a cause of action against Answering Defendants.

17. The Answering Defendants had no notice or knowledge, nor should they have had notice or knowledge, of the allegedly dangerous or unsafe conditions alleged in Plaintiff's complaint.

18. Answering Defendants allege that they are immune from liability, damages and punitive damages due to their status as a federal instrumentality.

19. There was sufficient, intervening and superseding negligence involved thus precluding Plaintiff from making any recovery.

20. Plaintiff's Complaint fails to set forth a cause of action.

21. The conduct of Answering Defendants was privileged, either absolutely or conditionally.

22. Plaintiff's claims are barred by waiver, estoppel and/or laches in that Plaintiff failed to give timely notice of the alleged incident.

23. Answering Defendants had no duty to the Plaintiff.

24. Answering Defendants did not breach any duty to the Plaintiff.

25. Answering Defendants did not proximately cause any injuries to Plaintiff.

26. Plaintiff's claims are barred by the doctrines of laches, estoppel and unclean hands.

27. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

28. While denying the allegations in the Plaintiff's Complaint regarding damages allegedly sustained by Plaintiff, Answering Defendants state that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities over whom Answering Defendants had no control, nor right of control, and for whose actions Answering Defendants are not and cannot be liable.

29. Plaintiff was contributorily negligent, and such negligence was the sole proximate, efficient and contributing cause of the Plaintiff's damages.

30. Any claim which the Plaintiff may have against Answering Defendants are barred by, or alternatively, must be reduced by virtue of the doctrine of comparative negligence, and/or

the Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-1 et seq., <u>N.J.S.A.</u> 2A:15-5.3, and/or <u>N.J.S.A.</u> 2A:15-5.1 et. seq.*,* and common law.

31. The alleged incident complained of resulted from circumstances beyond the control of Answering Defendants.

32. Plaintiff's recovery from Answering Defendants, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties in this action.

33. Any claims against Answering Defendants should be dismissed because Plaintiff and/or a third-party's spoliation of evidence has prejudiced Answering Defendants' ability to defend themselves in this matter.

34. Plaintiff knowingly and voluntarily encountered a known risk, which Plaintiff assumed.

35. Plaintiff's claims are barred insofar as Plaintiff failed to mitigate Plaintiff's damages.

36. Plaintiffs' injuries are due solely, or partly, to a third party over which Answering Defendants had no control.

37. Answering Defendants are entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries or damages arising from the wrong alleged pursuant to <u>N.J.S.A.</u> 2A:15-97, and <u>Perreira v. Rediger, Oxford Health,</u> including but not limited to any bills, amounts or costs paid or reduced by insurance coverage or any other source.

38. Plaintiff failed to take due care for Plaintiff's own safety.

39. The alleged incident, damages and injuries referred to in plaintiff's complaint, if any, were caused by or arose out of a risk of which plaintiff had full knowledge and which plaintiff assumed.

40. Plaintiff's Complaint is barred by the Statute of Limitations and/or Statute of Repose.

41. Plaintiff's claims and alleged damages were caused as a result of an act of God.

42. Plaintiff's claims are barred by the Doctrine of Estoppel.

43. Plaintiff's claims are barred by the Entire Controversy Doctrine.

44. Plaintiff's claims are barred by the Doctrine of Unclean Hands.

45. The alleged incident, damages and injuries referred to in plaintiff's complaint, if any, were caused by or arose out of a risk of which plaintiff had full knowledge and which plaintiff assumed.

46. Plaintiff's claims are barred by unjust enrichment.

47. The complaint fails to state a cause of action upon which relief may be granted as to the Defendants Federal National Mortgage Association and/or Fannie Mae.

48. This Court lacks personal jurisdiction over Answering Defendants.

49. The incident complained of was caused by third parties over whom the Answering Defendants had no control.

50. The Defendants Federal National Mortgage Association and/or Fannie Mae are guilty of no negligence, no actual fault and no failure to act.

51. The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

52. Disclaimers, warnings or other agreements bar or limit Plaintiff's claims.

53. There is no legal duty or obligation of any kind whether arising from common law, statute, contract, toward or otherwise owed to Plaintiff at the time of the incident at which

Plaintiff complains.  In the alternative, if any duty was owing, there is no breach of that duty by the Defendants Federal National Mortgage Association and/or Fannie Mae.

## NOTICE OF ALLOCATION

Pursuant to New Jersey Civil Rule 4:7-5(c) and <u>Young v. Latta</u>, 120NJ 584 (1991), Answering Defendants hereby advises that they will seek an allocation of fault as to all other responsible persons and entities, whether or not named in this lawsuit, and that if any Co-Defendant settles the within matter with Plaintiff at any time prior to the conclusion of Trial, the liability of any settling Co-Defendant shall remain an issue and Answering Defendants shall seek an allocation and/or a percentage of negligence by the finder of fact against any such settling co-defendant, and/or a credit in favor of Answering Defendants consistent with such allocation.

## CROSSCLAIMS

## FIRST COUNT

Answering Defendants deny that they are in any way liable to Plaintiff under the claims for relief asserted in the Plaintiff's Complaint. However, if Answering Defendants are held responsible for damages allegedly suffered by Plaintiff, Answering Defendants are entitled to contribution from Co-Defendants John Doe and ABC Corp. (hereinafter collectively referred to as "Co-Defendants") and any future Defendants named in this matter under New Jersey law.

**WHEREFORE**, Answering Defendants demand judgment against Co-Defendants and any future Defendants named in this matter pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, (<u>N.J.S.A.</u> 2A:53A-1 et. seq. and/or *N.J. Stat. Ann. §§ 2A:53A-1 to -5),* the New Jersey Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-1 et seq., <u>N.J.S.A.</u> 2A:155.3, and/or <u>N.J.S.A.</u> 2A:15-5.1 et. seq.*,* and common law.

## SECOND COUNT

Answering Defendants deny that they are in any way liable to the Plaintiff under the claims for relief asserted in the Plaintiff's Complaint. However, if Answering Defendants are held responsible for any damages allegedly suffered by Plaintiff, such liability is merely secondary, imputed or vicarious and, as a result, any damages (including attorney's fees and defense costs) for which Answering Defendants may be liable are chargeable to Co-Defendants John Doe and ABC Corp. (hereinafter collectively referred to as "Co-Defendants") and any future Defendants named in this matter, under common law and/or contractual indemnification.

**WHEREFORE**, Answering Defendants demand judgment against Co-Defendants and any future Defendants named in this matter for all sums for which Answering Defendants may be held liable to the Plaintiff.

### THIRD COUNT

At all relevant times, Answering Defendants entered into a contract(s)/agreement(s) with Co-Defendants John Doe and ABC Corp. (hereinafter collectively referred to as "Co-Defendants") and any future Defendants named in this matter, regarding the allegations set forth in Plaintiff's Complaint.  Pursuant to terms or provisions in the contract(s)/agreement(s), Co-Defendants and any future Defendants named in this matter, was/were required to provide Answering Defendants with insurance coverage and/or to indemnify and/or defend Answering Defendants.  Co-Defendants and any future Defendants have breached their contractual obligations to defend and indemnify Answering Defendants and/or to provide Answering Defendants with insurance coverage.

**WHEREFORE**, Answering Defendants demands a defense, insurance coverage, indemnification and/or judgment for all sums for which it may be held liable to the Plaintiff, as

well as attorney's fees and costs from Co-Defendants and any future Defendants named in this matter, and each of their insurance carriers.

## FOURTH COUNT

At all relevant times, Answering Defendants entered into a contract(s)/agreement(s) with Co-Defendants John Doe and ABC Corp. (hereinafter collectively referred to as "Co-Defendants") and any future Defendants named in this matter, regarding the allegations set forth in Plaintiff's Complaint.  Pursuant to terms or provisions in the contract(s)/agreement(s), Co-Defendants and any future Defendants named in this matter, was/were required to provide Defendants with primary insurance coverage and/or commercial general liability insurance coverage on behalf of Answering Defendants and Answering Defendants are entitled to and demand coverage as additional insured(s).

**WHEREFORE**, Answering Defendants demand a defense, insurance coverage, indemnification and/or judgment for all sums for which it may be held liable to the Plaintiff, as well as attorney's fees and costs from Co-Defendants and any future Defendants named in this matter, and each of their insurance carriers.

## ANSWER TO ANY AND ALL CROSSCLAIMS

Answering Defendants deny all allegations contained in any and all crossclaims/counterclaims filed against them, or to be filed against them in this action, by any and all co-defendants, future named defendants or third party defendants; including any and all crossclaims/counterclaims filed against them for indemnification and/or contribution.

## DEMAND FOR TRIAL BY JURY

Answering Defendants hereby demand a trial by jury as to all its issues.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that John McConnell, Esq. is hereby designated as Trial Counsel for defendants in the within-captioned matter.

>                    **GOLDBERG SEGALLA**
>                    Attorneys for Defendants named as
>                    Federal National Mortgage Association and Fannie Mae
>
>
>          By:       _s/John M. McConnell_____
>                    **John M. McConnell, Esq. [ID# 02815-2006]**
>                    **GOLDBERG SEGALLA LLP**
>                    902 Carnegie Center, Suite 100
>                    Princeton, New Jersey 08540-6530
>                    (609) 986-1300
>                    (609) 986-1301   (fax)
>                    Attorneys for Federal National Mortgage
>                    Association and Fannie Mae

Dated: January 16, 2015

3409704.1